### THOMAS AND BEN MOORE *v.* COMMONWEALTH.

**Criminal Law—Indictment—Discharge of Defendant to Testify.**

Where two or more persons are charged in the same indictment and the court believes that the evidence as to one of such persons is insufficient to put him on his defense, the court must, on the motion of either party desiring to use such defendant as a witness, order him to be discharged and permit him to testify. Such order is an acquittal of such defendant and a bar to another prosecution.

### APPEAL FROM MERCER CIRCUIT COURT.

September 6, 1876.

OPINION BY JUDGE COFER:

Where two or more persons are included in the same indictment, and the court is of opinion that the evidence in regard to a particular individual is not sufficient to put him on his defense, it must, on the motion of either party desiring to use such defendant as a witness, order him to be discharged from the indictment, and permit him to be examined by the party so moving. The order is an acquittal of such defendant, and a bar to another prosecution. Sec. 232, Crim. Code.

There was no evidence conducing in any degree to establish the guilt of Utly, and the court erred in overruling the motion of Moores for his discharge. The order should have been made by the court and it was neither necessary nor proper to submit the question of Utly's guilt or innocence to the jury. The Moores have no right to complain of the action of the court except on the ground that they were thereby deprived of a witness, and as it does not appear what it was expected he would prove we cannot decide that they were prejudiced.

Persons other than females convicted of the larceny of goods of the value of less than four dollars may be punished by imprisonment alone, or by being placed at hard labor, and in strictness the court should have so instructed the jury. But as the only error complained of is in the instruction in respect to the punishment to be imposed in case the defendants were found guilty, the error is immaterial if upon a verdict of guilty fixing the punishment at hard labor the court would have been compelled by its judgment to order them to be imprisoned.

The statute provides that if the jury direct the defendant to be placed at labor he shall be confined in jail when not at work, so that had the jury fixed the punishment of the appellants at labor

only, instead of imprisonment and labor, they must have been imprisoned just as under the verdict and judgment which were rendered.

The judgment is therefore *affirmed.*

*Thompson & Thompson, Kyle & Poston, for appellants.*

*T. E. Moss, for appellee.*